

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| | § | |
| EDDIE MARTINEZ, | § | No. 08-19-00127-CR |
| Appellant, | § | Appeal from the |
| v. | § | 384th District Court |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| State. | § | (TC# 20180D00392) |
| | § | |

**O R D E R**

Pending before the Court is a motion filed by Appellant's attorney to stay all appellate deadlines because the trial court found Appellant incompetent to stand trial in three other criminal cases and committed him to a mental health facility for 120 days for treatment on April 23, 2019. The motion argues that the appeal should be stayed because Appellant is unable to assist in his appeal or sign the trial court's certification of the defendant's right to appeal.

Although Rule 25.2(d) requires that the certification be signed by the appellant, the absence of the defendant's signature on the certification does not require the Court to dismiss the appeal. The Court will accept a certification which does not include the defendant's signature.

The clerk's record has been filed and the reporter's record is currently due to be filed on July 25, 2019 with one extension having been granted. Appellant's commitment will not prevent the court reporter from preparing or filing the reporter's record. Appellant's brief will not be due

1

until thirty days after the reporter's record is filed, and the Court routinely grants three or more extensions for the appellant in criminal cases. Thus, Appellant has not shown that he will not be available to assist in his appeal when the brief is due.

Finally, the motion does not explain the nature of the assistance counsel expects Appellant to be able to provide in this appeal. All issues presented on appeal must be based on the appellate record. Further, Appellant does not have a right to dictate the issues which counsel must raise on appeal. Appellate attorneys representing the defendant in criminal appeals are expected to identify the issues and prepare the brief using their own professional judgment. *See Jones v. Barnes*, 463 U.S. 745, 751-52 (1983). Consequently, we are not persuaded that a stay of the appeal is required. The motion to stay all appellate deadlines is DENIED.

IT IS SO ORDERED this 16th day of July, 2019.

PER CURIAM

Before McClure, C.J., Rodriguez and Palafox, JJ.